| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| MARIO ANTON LEE,<br><br>        Plaintiff,<br><br>    v.<br><br>MATEVOUSIAN,<br><br>        Defendant. | Case No. **1:18-cv-00278-JLT (PC)**<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS**<br><br>**(Docs. 2, 4)**<br><br>**FOURTEEN-DAY DEADLINE** |

        On March 2, 2018, the Court granted the plaintiff's motion to proceed *in forma pauperis*. (See Doc. 2, 4.) Upon review, it does not appear that Plaintiff met the poverty requirements to proceed *in forma pauperis* since his national six-month deposits totaled over $900 and his national six-month withdrawals totaled over $1,000, with an average daily balance of nearly $200. (Doc. 2 at 4-6.) Accordingly, the Court ordered Plaintiff to show cause why it should not revoke his in forma pauperis status. (Doc. No. 7.) Though Plaintiff has responded to the Order, he does not explain why his *in forma pauperis* status should not be revoked.

        All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.002. See 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). See

Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Pursuant to Section 1915, notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

> (A) the allegation of poverty is untrue; or
> (B) the action or appeal-
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(a).

Proceeding "*in forma pauperis* is a privilege not a right." Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965). The determination as to whether a plaintiff is indigent and therefore unable to pay the filing fee falls within the court's sound discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991) (reversed on other grounds).

A party need not be completely destitute to proceed *in forma pauperis*. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948). But "[t]he trial court must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984) (citing Potnick v. Eastern State Hospital, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam); Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982). In considering a motion to proceed *in forma pauperis*, "even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to

pull his own oar." Temple, 586 F. Supp. at 850.

Because Plaintiff has had sufficient funds over the last several months to be required to pay the filing fee in full to proceed in this action, the undersigned will recommend that his *in forma pauperis* status be revoked, and he be required to pay the filing fee in full. Accordingly, the Court **ORDERS**:

1. The Order to Show Cause (Doc. 7) is **DISCHARGED**;
2. The Clerk of Court shall assign a district judge to this case; and

The Court **RECOMMENDS** that Plaintiff's in forma pauperis status be revoked (Doc. 4), and Plaintiff be required to pay the filing fee in full.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **November 11, 2018**         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE